JEFFER, MANGELS, BUTLER & MARMARO LLP
DAVID D. JOHNSON (Bar No. 204458)
AMY LERNER HILL (Bar No. 216288),
Email: djohnson@jmbm.com
Email: akl@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiffs
EASTECH ELECTRONICS (TAIWAN) INC.
and EASTERN ASIA TECHNOLOGY LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EASTECH ELECTRONICS (TAIWAN), INC. et al.<br><br>Plaintiffs,<br><br>v.<br><br>E & S INTERNATIONAL ENTERPRISES, INC., et al<br><br>Defendants.<br><br>AND RELATED CROSS ACTION | CASE NO. CV07-3204 ODW (EX)<br><br>**DECLARATION OF ROBERT S. KNUDSEN - LIABILITY PHASE OF TRIAL**<br><br>Trial:    October 3, 2008 |

# DECLARATION OF ROBERT KNUDSEN

I, ROBERT KNUDSEN, declare as follows:

1. I am a partner at the firm of PricewaterhouseCoopers ("PwC") and have been retained by plaintiffs Eastech Electronics (Taiwan) Inc. ("ETT") and Eastern Asia Technology Limited ("EATL") (collectively, "Eastech" or "Plaintiffs") as an expert witness in this action. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I have been with PwC since 1979. I am a Certified Public Accountant. I hold a B.S. in Industrial Engineering and Operations Research and an M.B.A. with an emphasis in Accounting, both from the University of California at Berkeley. I have been qualified and testified as an expert on damages and accounting matters in both state and federal courts. My 28 years of business experience is summarized in my resume, which is attached hereto as Exhibit A (Trial Exhibit 1326 at pp. 11-21). My resume also includes a listing of cases in which I have testified during the past four years.

3. For the purposes of this case, PwC is being compensated for my services at an hourly billing rate of $575. My firm is also being compensated for any PwC personnel working under my direction, for all time incurred at the firm's stated hourly rates, and for reimbursement of expenses. This compensation and reimbursement is to be paid regardless of the outcome of this lawsuit.

4. I was asked to assist with the analysis of damages in this case, to which I expect to testify live at trial. I was also asked to assist with the analysis of the return rates on Eastech products sold to Costco by Defendants as compared to the return rates for the other products sold to Costco by Defendants. This is the analysis that is discussed below. The methods I used to do this analysis are commonly used by other experts in my field.

## Analysis Regarding Return Rates

5.  Attached hereto as Exhibit B (Trial Exhibit 1328 at pp. 8-29) is a true and correct copy of a spreadsheet that was produced by Defendants in this action that Defendants have represented reports E & S International Enterprises, Inc.'s ("ESI") and APH USA, Inc.'s ("APH") consolidated net television sales to Costco from December 2002 through November 2007 by product. Based on my reading of the deposition of ESI/APH's CFO, Mark Barron, it is my understanding that Mr. Barron provided the numbers in this report to Defendants' expert, George Miller, from ESI and APH's accounting system. It is my understanding that this spreadsheet was produced in this action as part of the basis for Mr. Miller's report.

6.  The numbers on this report show the net sales figures by month for all televisions sold to Costco by Defendants ESI and APH from December 2002 to November 2007.

7.  It is my understanding that the information in the first column represents the model number of each television.

8.  The numbers under the month headings are ESI/APH's consolidated sales net or returns and credits by model number. Based on my reading of Mark Barron's deposition testimony, it is my understanding that the positive numbers on this schedule report months in which net sales occurred and the negative numbers largely reflect product returns.

9.  Attached hereto as Exhibit C (Trial Exhibit 1328 at pp. 31-39) is a spreadsheet my staff and I prepared which calculates the return rates of the top 30 television models listed in Exhibit B. To prepare this spreadsheet, my staff inputted the figures from Exhibit C. We then prepared a formula that added up the months showing positive numbers and the months showing negative numbers. The sum of the positive numbers we have placed in the column entitled "Total Sales." The sum of the negative numbers we placed in the column entitled "Total Returns." We then

divided the total returns for each model by the total sales. The product was the return rate for each of the top 30 TVs sold by Eastech.

10. My analysis showed that the return rates for ESI/APH's television sales for Costco ranged to as high as 39.6%. As shown in Exhibit C, I have determined that the average return rate for the top 30 television models reported on Exhibit B is 13.5 percent and the median return rate is 12.4 percent. The return rate for products manufactured by Eastech -- the LCT 2060s -- was 12.2 percent, below the average and median return rates for Defendants' top 30 products.

11. Based on the above analysis, it is my opinion that the average return rates for Eastech's products are below the average and median return rates for Defendants' top 30 products sold to Costco.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration is executed on October 6, 2008 at _Irvine_, California.

_Robert Knudsen_
ROBERT KNUDSEN